IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR HENDERSON, CEDRIC GLOVER, CHRISTOPHER GRUTEL, MARQUEZE M. BINGHAM, DONTEL HICKMAN-HARRISON, AND DARELL BARFIELD,<br><br>Defendant. | **8:25CR235**<br><br>**ORDER** |

This matter is before the court on the Government's motion for speedy trial exemption and request to declare this case as unusual and complex and to adjust the discovery and pretrial motions deadline. (Filing No. 375). An oral opposition was made on the record by counsel for Christopher Grutel. No other timely objections, written or oral, have been made to this motion. Upon consideration of the statements of counsel for Grutel and counsel of the government, the court finds from the representations by counsel for the parties during the initial appearances in this matter and that of co-defendants that this case is so unusual and so complex due to the nature of the prosecution, the counts alleged in the indictment, the amount of discovery, as well as the reasons set forth in the government's original motion on this issue (Filing No. 192), that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). For these reasons and the reasons set forth herein, the court finds good cause and grants the Government's motion.

IT IS ORDERED:

1) The government's motion for speedy trial exemption and request to declare this case as unusual and complex, (Filing No. 375), is granted.
2) The government shall provide any Rule 16 discovery, with the exception of testimonial and publication history of experts, that it currently has as soon

as reasonably possible and, further, any additional Rule 16 discovery obtained, with the exception of testimonial and publication history of experts, as it is received by the government, as soon as reasonably possible. A Telephone Conference is set for November 2, 2026 at 9:30 a.m. before Magistrate Judge Jacqueline M. DeLuca to set further progression deadlines including the deadline for Rule 16 discovery. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call. The telephone conferences set for October 16, 2026 in this matter are cancelled.

3) Upon representation of counsel and for the reasons discussed during the hearing, due to the nature of the prosecution, the counts alleged in the indictment, and the amount of discovery, as well as for the reasons set forth in the motion (Filing No. 375) and the original motion on this issue (Filing No. 192), during the initial appearances of these defendants and co-defendants, the court designates this case as an unusual and complex case. 18 U.S.C. 3161(h)(7)(B)(ii). Moreover, the ends of justice have been served by granting such request and outweigh the interests of the public and the defendant in a speedy trial. The additional time arising as a result of the granting of this motion, i.e. from today's date through November 2, 2026 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act for the reason counsel require additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 3rd day of September, 2026.

BY THE COURT:
*s/ Jacqueline M. DeLuca*
United States Magistrate Judge